Appeal No. 22-2501

## IN THE UNITED STATES COURT OF APPEALS
### FOR THE SEVENTH CIRUCIT

---

**JELENA DORDEVIC and ANTHONY J. PERAICA,**

**Plaintiffs-Appellants,**

**v.**

**PATRICK S. LAYNG**, United States Trustee for the estate of Jelena Dordevic,

**Defendant-Appellee.**

---

Appeal from the United States District Court
For the Northern District of Illinois
Eastern Division
### Case No.  21 cv 6338
The Honorable Gary Feinerman, Judge Presiding

---

### BRIEF AND REQUIRED SHORT APPENDIX OF
### PLAINITFFS-APPELLANTS

---

Anthony J. Peraica
Stephen F. Boulton
Anthony J. Peraica & Associates, Ltd.
Attorneys for Plaintiff-Appellants
5130 South Archer Avenue
Chicago, Illinois 60632
(773)735-1700
support@peraica.com

---

### ORAL ARGUMENT REQUESTED

---

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: <u>22-2501</u>

Short Caption: <u>Dordevic v. Layng, Trustee</u>

     To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

     The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in the District Court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.

[ ] PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):
<u>Jelena Dordevic, Anthony J. Peraica</u>

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in the District Court:
<u>Anthony J. Peraica & Associates, Ltd .</u>

(3) If the party or amicus is a corporation:
    i) Identify all its parent corporations, if any; and
    ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:
<u>N/A</u>

Attorney's Signature: <u>s/ Anthony J. Peraica</u>        Date: <u>October 18, 2022</u>
Attorney's Printed Name: <u>Anthony J. Peraica</u>

Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d). <u>Yes</u> ~~No~~

Address: <u>5130 South Archer Avenue, Chicago, Illinois 60632</u>
Phone Number: <u>(773)735-1700</u>        Fax Number: <u>(773)585-3035</u>
E-Mail Address: <u>support@peraica.com</u>

i

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: <u>22-2501</u>

Short Caption: <u>Dordevic v. Layng, Trustee</u>

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in the District Court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.

[X] PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):
 <u>Jelena Dordevic, Anthony J.</u>
<u>Peraica</u>

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in the District Court:
 <u>Anthony J. Peraica & Associates, Ltd .</u>

(3) If the party or amicus is a corporation:
   i) Identify all its parent corporations, if any; and
   ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:
 <u>N/A</u>

Attorney's Signature: <u>s/ Stephen F. Boulton</u>          Date: <u>October 18, 2022</u>
Attorney's Printed Name: <u>Stephen F. Boulton</u>

Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d). ~~Yes~~ No

Address: <u>5130 South Archer Avenue, Chicago, Illinois 60632</u>
Phone Number: <u>(773)735-1700</u>          Fax Number: <u>(773)585-3035</u>
E-Mail Address: <u>sboulton@peraica.com</u>

ii

# TABLE OF CONTENTS

CIRCUIT RULE 26.1 DISCLOSURE STATEMENTS ................................................ i

TABLE OF CONTENTS .............................................................................................. ii

TABLE OF AUTHORITIES ........................................................................................ iv

JURISDICTIONAL STATEMENT ............................................................................. 1

       28 U.S.C. §157

       28 U.S.C. §1334 .................................................................................................... 1

       Local Rule 40.3.1 ................................................................................................. 1

       28 U.S.C. §158(a). .............................................................................................. 1

       28 U.S.C. §1291 .................................................................................................. 1

STATEMENT OF THE ISSUES ................................................................................. 1

STATEMENT OF THE CASE ..................................................................................... 1

SUMMARY OF ARGUMENT .................................................................................... 1

STANDARD OF REVIEW .......................................................................................... 2

       *Matter of UNR Indus., Inc.*, 986 F.2d 207 (7th Cir. 1993) ................................ 2

ARGUMENT ............................................................................................................... 2
          I.  THE BANKRUPTCY COURT ABUSED ITS DISCRETION BY
            DIRECTING FULL DISGORGEMENT INCLUDING AMOUNTS
            PREVIOUSLY DISCLOSED TO THE BANKRUPTCY COURT. ............... 2

       *In re Kowalski*, 402 B.R. 843 (Bankr. N.D. Ill. 2009)) ................................... 2, 3

       *In re Jackson*, 401 B.R. 333 (Bankr. N.D. Ill. 2009). ...................................... 3

       *In re Andreas,* 373 B.R. 864, 872 (Bankr.N.D.Ill.2007) .................................. 3

       *In re Poplar Creek, LLC*, No. 18- BK-14161, 2019 WL 7186324 ................... 3
       (Bankr. N.D. Ill. May 17, 2019).

       *In re Busillo*, 15-15627 (JNP), 2018 WL 6131767 (Bankr. D.N.J. Oct. 29, 2018) ....... 3

*In re Petrovic*, 560 B.R. 312 (Bankr. N.D. Ill. 2016)                                          4

CONCLUSION                                                                                      4

CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(a)(7)                                           5

CIRCUIT RULE 31(e)(1) CERTIFICATION                                                             5

CIRCUIT RULE 30(d) STATEMENT                                                                    5

NOTICE OF FILING AND PROOF OF SERVICE                                                           6

SHORT APPENDIX

## TABLE OF AUTHORITIES

**Cases**                                                                                  **Pages**

*In re Andreas,* 373 B.R. 864, 872 (Bankr.N.D.Ill.2007)                                        2, 3

*In re Busillo*, 15-15627 (JNP), 2018 WL 6131767 (Bankr. D.N.J. Oct. 29, 2018)                   3

*In re Kowalski*, 402 B.R. 843, 848 (Bankr. N.D. Ill. 2009))                                   3, 4

*In re Poplar Creek, LLC*, No. 18- BK-14161, 2019 WL 7186324                                     3
(Bankr. N.D. Ill. May 17, 2019).

*In re Petrovic*, 560 B.R. 312 (Bankr. N.D. Ill. 2016)                                           3

**Constitutional Amendments and Statutes**

28 U.S.C. §157                                                                                   1

28 U.S.C. §1334                                                                                  1

Local Rule 40.3.1.                                                                               1

28 U.S.C. §158(a).                                                                               1

28 U.S.C. §1291                                                                                  1

## **JURISDICTIONAL STATEMENT**

Subject matter jurisdiction of the bankruptcy proceeding was invoked by Jelena Dordevic under 28 U.S.C. §157, 28 U.S.C. §1334 and Local Rule 40.3.1.   The Jurisdiction of the District Court is granted under 28 U.S.C. §158(a).  The Order appealed from was entered into by the Bankruptcy Court on November 16, 2021.  The Notice of Appeal to the District Court  was filed on November 24, 2021.

Appellate jurisdiction is claimed under 28 U.S.C. §1291. The District Court's judgment affirming the Bankruptcy Court was entered on July 25, 2022. A timely Notice of Appeal to this Court was filed on August 24, 2022.

## **STATEMENT OF THE ISSUES**

1.      Whether the Bankruptcy Court erred by directing disgorgement of total disgorgement of fees, including fee payments disclosed with the Petition in bankruptcy?

## **STATEMENT OF THE CASE**

As part of the filing of the Petition in Bankruptcy below, the Debtor included the disclosure of fees in the amount of $5,000 and the appropriate Rule 2016 paperwork, including the retainer agreement of Appellant Peraica as counsel for Debtor.  (Docket No 5-4, pp. 221-223).  By omission, the initial Rule 2016 disclosure understated the amount paid to the attorney, as $8,000 was paid prepetition.  (Dkt, No. 5-2, p 28).  Thereafter, the Appellant was paid an additional $13,500 by the Debtor, by the Debtor, but did not file Rule 2016 (b) disclosures. *Ibid.*

Prior to August 3, 2021, counsel for the United States Trustee raise the contention that the Rule 2016(b) filings of the Debtor in the bankruptcy action were incomplete.  On August 3, 2021, in response an attorney in the office of the Appellant tendered to the Trustee a full accounting of fees received.   (Dkt No. 5-2, pp. 26-28).

1

On September 28, 2021, the United States Trustee filed a Motion to Motion to Examine

Fees of Debtor Attorney.  (Dkt. No. 5-2, p. 13), seeking full disgorgement.  In the Motion, the

Trustee placed heavy reliance upon emails to the Debtor's attorney noting the absence of filings,

although the attorney made full and timely disclosure of the fees paid when requested by the

Trustee.   (Dkt. No. 5-2, pp. 26-7).

In an order dated November 16, 2021, the Bankruptcy Court directed full disgorgement

of all fees paid, even those identified in the Petition filing.  (Dkt. No. 5-2, p. 50).

## SUMMARY OF ARGUMENT

The Bankruptcy Court abused its discretion in directing full disgorgement, including

payments by the Debtor disclosed with the Petition in Bankruptcy.  A less sanction of all fess

other than those disclosed in the Petition was the appropriate sanction, lowering the

disgorgement from $21,500 to still considerable amount of $16,500

## STANDARD OF REVIEW

Appellate courts review a bankruptcy court's factual findings for clear error and its legal

conclusions *de novo.  Matter of UNR Indus., Inc.*, 986 F.2d 207 (7th Cir. 1993)

## ARGUMENT

**I.     THE BANKRUPTCY COURT ABUSED ITS DISCRETION BY DIRECTING
FULL DISGORGEMENT INCLUDING AMOUNTS PREVIOUSLY DISCLOSED
TO THE BANKRUPTCY COURT.**

Appellant does not dispute that some appropriate filings were not timely made with the

Clerk of the Bankruptcy Court, but full disgorgement was an unduly harsh sanction and an abuse

of discretion.  Disclosure under the Rules is mandatory, not permissive.  *In re Kowalski*, 402

B.R. 843, 848 (Bankr. N.D. Ill. 2009).   The failure to make full disclosure is sanctionable, and

the sanctions can include partial or total denial of compensation as well as partial or total disgorgement of fees paid. *In re Jackson*, 401 B.R. 333, 340 (Bankr. N.D. Ill. 2009).

In *In re Kowalski*, 402 B.R. 843, 848 (Bankr. N.D. Ill. 2009), the debtor's attorney filed with the Petition in Bankruptcy a disclosure that under stated the amount paid by the debtor to the attorney. Upon the attorney's request for approval of fees some three times the amount of the initial payment, the court limited to the attorney to the amount properly stated in the Petition filing. In accord, *In re Busillo*, 15-15627 (JNP), 2018 WL 6131767 (Bankr. D.N.J. Oct. 29, 2018).

In the courts below, the Trustee cited the case of *In re Andreas*, 373 B.R. 864, 873 (Bankr. N.D. Ill. 2007), but the *Andreas* court rejected denial of all compensation, deeming the sanction "unduly harsh."

A similar fact pattern is presented in the case at bar, and a similar result is to limit all fees to the amount disclosed in the Petition filing, not the higher number or the other amounts received. Thus, the disclosed amount of $5,000 would be the only fees allowed, and the balance of $16,500 would be the disgorgement amount.

Courts view complete disgorgement as a "harsh sanction" but have applied it when "the facts reflect purposeful behavior." *In re Poplar Creek, LLC*, No. 18- BK-14161, 2019 WL 7186324, at *3 (Bankr. N.D. Ill. May 17, 2019). No contumacious conduct is present justifying disgorgement. When asked for an accounting by the Trustee, the Debtor's attorney provided the full amount received.

Further, no damage to the estate is present. The purpose of section 329 is limited, as it regulates the relationship between a debtor and the debtor's attorney. The purpose of section 329 is to protect debtors and the estate. Its purpose is not to protect the bankruptcy system as a whole

by deterring improper filings. *In re Petrovic*, 560 B.R. 312 (Bankr. N.D. Ill. 2016). In the case

at bar, a substantial sanction of all fees beyond the initial disclosure represented the proper and

fair sanction. The Bankruptcy Court's order of total disgorgement was therefore an abuse of

discretion.

## **CONCLUSION**

For the reasons stated above, Plaintiff-Appellants, JELENA DORDEVIC and

ANTHONY PERAICA, pray that this Honorable Court to reverse the judgment of the

Bankruptcy Court and remand the case for entry of an order directing disgorgement of $16,500.

Respectfully Submitted,

JELENA DORDEVIC and
        ANTHONY J. PERAICA

By:   s/ *Anthony J. Peraica*

Anthony J. Peraica, ARDC # 6186661
Anthony J. Peraica & Associates, Ltd.
5130 South Archer Avenue
Chicago, Illinois 60632
(773) 735-1700
support@peraica.com

4

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. RULE 32(a)(7)

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

__X__ this brief contains 4pages, approximately 978 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).,

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

__X__ this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, font 12.

/s/ Anthony J. Peraica_____
Attorney for Plaintiff-Appellants

Dated: October 18, 2022

## CIRCUIT RULE 31(e)(1) CERTIFICATION

I certify that a digital version of the entire brief in a non-scanned PDF format and the appendix has been provided to the clerk's office via the CM/ECF system.

s/ Anthony J. Peraica_____
Attorney for Plaintiff-Appellants

Dated: October 18, 2022

## CIRCUIT RULE 30(d) STATEMENT

This brief complies with Circuit Rule 30(d). The appendix to the Appellant's brief contains:

__x__ all of the materials required by parts (a) and (b) of this rule.
_____ no materials within the scope of parts (a) and (b) of this rule.

s/ Anthony J. Peraica_____
Attorney for Plaintiff-Appellants

Dated: October 18, 2022

**22-2501**

## IN THE UNITED STATES COURT OF APPEALS
### SEVENTH CIRCUIT

| | |
|---|---|
| JELENA DORDEVIC and ANTHONY PERAICA, | ) |
| | ) On review from U.S. District Court |
| | ) Northern District of Illinois, |
| Plaintiffs--Appellants, | ) Eastern Division |
| | ) |
| v. | ) Case No.:  21 cv 6338 |
| | ) |
| PATRICK S. LAYNG, United States Trustee for the estate of Jelena Dordevic, Debtor | ) Hon. Gary Feinerman, Judge Presiding |
| | ) |
| | ) |
| Defendant-Appellant. | ) |

## <u>NOTICE OF FILING</u>

RAMONA D. ELLIOTT
Deputy Director/General Counsel
P. MATTHEW SUTKO
Associate General Counsel
ANDREW BEYER
Trial Attorney
Department of Justice
Executive Office for
United States Trustees
441 G Street, N.W., Suite 6150
Washington, DC 20530

PATRICK S. LAYNG
United States Trustee for Region 11
ADAM BRIEF
Assistant United States Trustee
Department of Justice
Office of the United States Trustee
219 South Dearborn Street, Room 873
Chicago, IL 60604

CAMERON M. GULDEN
Trial Attorney
Department of Justice
Office of the United States Trustee
300 Booth Street, Room 3009
Reno, NV 89509

 **PLEASE TAKE NOTICE** that on **October 18 2022**, I caused to be filed with the U.S.

Court of Appeals for the Seventh Circuit APPELLANT'S BRIEF and SHORT APPENDIX.

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on **October 18,  2022** I caused to be electronically filed the instant Notice of and documents referred to therein with the Clerk of the U.S. Court of Appeals using CM/ECF, and that service will be accomplished by the CM/ECF system.

/s/  <i>Anthony J. Peraica</i>_____

Anthony J. Peraica – ARDC NO. 6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, IL  60632
Phone: 773-735-1700
support@peraica.com

# REQUIRED SHORT APPENDIX

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re JELENA DORDEVIC, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | 20 B 9807 |
| _____ | ) | _____ |
| | ) | |
| JELENA DORDEVIC and ANTHONY J. PERAICA, | ) | 21 C 6338 |
| | ) | |
| Appellants, | ) | Judge Gary Feinerman |
| | ) | |
| vs. | ) | Appeal from 20 B 9807 |
| | ) | |
| PATRICK S. LAYNG, Trustee, | ) | |
| | ) | |
| Appellee. | ) | |

**O**RDER

For the reasons set forth below, the bankruptcy court's order requiring full disgorgement of all fees received by Attorney Anthony Peraica is affirmed. The status hearing set for 8/18/2022 [13] is stricken. Enter judgment order. Civil case closed.

**S**TATEMENT

The court assumes familiarity with the bankruptcy court's opinion, Doc. 8-1 at 127-131 (reported at 2021 WL 5355988 (Bankr. N.D. Ill. Nov. 16, 2021)), and briefly recounts the background here.

Attorney Anthony Peraica assisted Debtor Jelena Dordevic with filing a Chapter 7 bankruptcy petition. Along with the petition, Peraica filed a Disclosure of Compensation of Attorney for Debtor, disclosing fees in the amount of $5,000. Through discovery on a separate but related matter, the Trustee learned that Peraica failed to disclose $16,500 in fees collected he received from Debtor. The Trustee informed Peraica of the incomplete disclosure and demanded that he file the required form. Peraica failed to do so. Instead, Peraica's colleague, Stephen Boulton, sent the Trustee an informal accounting of all fees received by Peraica in connection with Debtor's case. The Trustee repeatedly notified Peraica and Boulton that they must file an accurate form, to no avail.

The Trustee then filed a motion under 11 U.S.C. § 329 to examine the fees paid to Peraica. Peraica did not file a written response, despite requesting additional time to do so. Peraica also failed to file an accurate fee disclosure form prior to the bankruptcy court's hearing on the motion. Given this turn of events, the Trustee supplemented its motion with a request that all fees received by Peraica from Debtor be forfeited. Hours after the Trustee's supplemental

A-000001

filing, Peraica moved for leave to respond instanter to the Trustee's motion.  After considering the briefs and hearing oral argument, the bankruptcy court directed full disgorgement of all fees that Debtor paid to Peraica.

This court has appellate jurisdiction under 28 U.S.C. § 158(a)(1), which grants the district court jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. The bankruptcy court entered a final judgment by ruling in favor of Trustee under § 329.  *See Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008) ("[T]he test we have utilized to determine finality under § 158(d) is whether an order resolves a discrete dispute that, but for the continuing bankruptcy, would have been a stand-alone suit by or against the trustee … .  [T]he final disposition of any adversary proceeding falls within our jurisdiction.").  The court reviews the bankruptcy judge's ruling for abuse of discretion.  *See In re Geraci*, 138 F.3d 314, 319 (7th Cir. 1998) ("Because fee determinations under section 329 rest within the sound discretion of the bankruptcy court, we will disturb an order requiring the return of an excessive fee only upon finding that the bankruptcy court abused its discretion.").

The bankruptcy court did not abuse its discretion.  "Fee disclosure under § 329 and [Bankruptcy Rule 2016(b)] is mandatory, not permissive."  *In re Kowalski*, 402 B.R. 843, 848 (Bankr. N.D. Ill. 2009); *see* 11 U.S.C. § 329(a) ("Any attorney representing a debtor … whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid … .").  The failure to make an accurate disclosure "is sanctionable and can include partial or total denial of compensation, as well as partial or total disgorgement of fees already paid," with "[t]he extent to which compensation should be denied rest[ing] with the Court's sound discretion."  *In re Kowalski*, 402 B.R. at 848; *see also In re Andreas*, 373 B.R. 864, 872 (Bankr. N.D. Ill. 2007) (same).  "Many courts, perhaps the majority, punish defective disclosure by denying all compensation."  *In re Kowalski*, 402 B.R. at 848 (citing cases).

Peraica does not contest the facts set forth above; in fact, he admits that he failed to timely make the appropriate filings and that he understated by $16,500 the amount that Debtor paid him.  Doc. 6 at 5-6.  Instead, Peraica argued before the bankruptcy court that his noncompliance should be excused because he lacked the requisite experience in filing § 329 disclosures.  2021 WL 5355988, at *3.  The bankruptcy court rejected that argument, reasoning that (1) a lack of familiarity does not excuse an attorney from fulfilling his obligations; and (2) in any event, Peraica's asserted ignorance was feigned given that he had been practicing law for nearly four decades and had been involved in over 350 bankruptcy cases, mostly representing Chapter 7 debtors, in the past 35 years in this District alone.  *Id*. at *4.  The bankruptcy court's reasoning is persuasive, and surely not an abuse of discretion.

Peraica's other arguments are similarly unavailing.  First, he argues that "no contumacious conduct is present justifying disgorgement."  Doc. 6 at 7.  But contumacious conduct is not a necessary condition for full disgorgement.  *See In re Jackson*, 401 B.R. 333, 339 (Bankr. N.D. Ill. 2009) ("[I]ncomplete disclosures that force the court to ferret out pertinent information will not do, even if they are merely the result of negligence or inadvertence.") (internal quotation marks and citations omitted); *In re Griffin*, 313 B.R. 757, 764 (Bankr. N.D. Ill. 2004) ("Defective disclosure is not a minor matter, because a failure to provide the required

A-000002

disclosure alone justifies the bankruptcy court's denial of any or all fees requested.") (citation omitted).  Second, Peraica's argument that there was no damage to the estate is beside the point, as "[t]he objective of requiring disclosure is not so much to protect against prejudice to the estate, but to ensure undivided loyalty and untainted advice from professionals."  *In re Midway Indus. Contractors, Inc.*, 272 B.R. 651, 664 (Bankr. N.D. Ill. 2001); *see also In re Jackson*, 401 B.R. at 340 ("Because disclosure under § 329 and Rule 2016(b) is 'central to the integrity of the bankruptcy process,' failure to disclose is sanctionable.") (quoting *In re Andreas*, 373 B.R. at 872).

Because the bankruptcy court did not abuse its discretion when it ordered full disgorgement, its ruling is affirmed.

July 25, 2022

_____
United States District Judge

A-000003

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No. 20 B 09807 |
| JELENA DORDEVIC, | ) | Chapter 7 |
| | ) | Judge Donald R. Cassling |
| Debtor. | ) | |

## ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO
## EXAMINE FEES PAID TO ATTORNEY PURSUANT TO 11 U.S.C. § 329 (Dkt. No. 67)

### I.      INTRODUCTION

This matter came before the Court on the motion of Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "UST"), to examine the fees paid to attorney Anthony J. Peraica ("Mr. Peraica") under Section 329 of the Bankruptcy Code in connection with his representation of Jelena Dordevic (the "Debtor") in this case. (Dkt. No. 67.) Gus A. Paloian, the Chapter 7 Trustee for the Debtor's estate, joined the UST's motion. (Dkt. No. 72.)

For the reasons set forth below, the Court grants the motion. Although disgorgement of all fees received by Mr. Peraica may seem harsh, the Court concludes that it is appropriate here. Mr. Peraica's failure or refusal to file an appropriate fee-disclosure form as required by the Bankruptcy Code and Rules appears to have been willful and continued for months, despite the UST's repeated demands that he do so. Thousands of dollars which Mr. Peraica received from a third-party source were not disclosed to the Court or other interested parties until the hearing on the UST's motion. The requirement that debtors' counsel spread of record the amount and source of fees they receive is crucial to preserving the integrity of the bankruptcy system, even in the absence of actual harm to the bankruptcy estate.[1] Among other things, it helps to ensure that the Court and interested parties can be confident that counsel's allegiance runs to the party he purports to represent, not to some undisclosed third party.

### II.      BACKGROUND

On April 24, 2020, the Debtor, with the assistance of her attorney, Mr. Peraica, filed a Chapter 7 bankruptcy petition. Along with the petition, Mr. Peraica filed a Disclosure of Compensation of Attorney for Debtor (Form B-2030) wherein he disclosed that he had been paid $5,000 by the Debtor prior to filing the petition. (Mot. at p. 1 of Ex. A.)

The UST filed a complaint objecting to the Debtor's discharge under Section 727 of the Code on February 23, 2021. (Adv. No. 21 A 00032.) Through discovery in that adversary

---

[1] *See In re Prod. Assocs., Ltd.*, 264 B.R. 180, 186 (Bankr. N.D. Ill. 2001) ("Failure to timely file the disclosure could result in the loss of the attorney's fee or other such sanctions the court may decide to impose, whether or not the estate is harmed by the delay.").

A-000004

proceeding, the UST learned that the Debtor had made several undisclosed post-petition payments to Mr. Peraica, including from an account the Debtor controlled in the name of Sprint Freight, Inc. (Mot. ¶ 5 & n.1.)

The UST sent Mr. Peraica an email on August 2, 2021 informing him that "[y]our Rule 2016 disclosures do not appear to be complete" and demanding that he "file the required disclosure reporting all sums received for your work on behalf of the debtor and the source(s) of such payment(s)." (Mot. at p. 2 of Ex. C.) Mr. Peraica did not file the required disclosure form. Instead, through his colleague, Stephen F. Boulton ("Mr. Boulton"), he sent the UST an informal document on August 3, 2021, listing $21,500 in fees received by Mr. Peraica in connection with the Debtor's case (the "Accounting"). (Mot. at p. 1 of Ex. D.)

On August 5, 2021, the UST followed up with another email to Mr. Peraica and Mr. Boulton observing that "[t]he Rule 2016 disclosures actually need to be filed with the Court. . . there's an official form." (Mot. at p. 1 of Ex. C.) Once again, Mr. Peraica failed to file the required fee disclosure form.

After two more weeks with no Rule 2016 disclosures, on August 19, 2021, the UST sent yet another email to Mr. Peraica and Mr. Boulton stating "you need to file your Rule 2016 disclosures. I appreciate that you sent the information to me, but it needs to be filed with the Court." (Mot. at p. 1 of Ex. E.) Mr. Peraica again failed to comply.

To date, Mr. Peraica's only Rule 2016 disclosure has been the one that he filed with the petition, and that disclosure was materially in error, stating that he had been paid only $5,000 before the petition date, rather than the $8,000 he admits receiving. Also, Mr. Peraica failed to supplement his initial Rule 2016 disclosure to disclose the $13,500 he received in nine separate post-petition payments.[2] (*See* Mot. at p. 1 of Ex. D.)

When this motion was initially presented in Court on October 5, 2021, Mr. Boulton appeared on behalf of Mr. Peraica and requested time to respond. The Court afforded Mr. Peraica two weeks or until October 19, 2021 to file his response, and the UST was given leave to reply by November 2, 2021. (Dkt. No. 70.) The motion was set for further hearing on November 9, 2021. (*Id.*)

Mr. Peraica failed to file a complete and corrected fee disclosure form prior to the hearing on the UST's motion. He also failed to file a written response to the motion by the October 19, 2021 deadline. On November 1, 2021, the UST filed a supplement to his motion wherein he stated that, as a result of Mr. Peraica's continued failure to file a complete and accurate fee disclosure, all fees that he had received should be forfeited to the Chapter 7 Trustee. (Supp. ¶ 4, Dkt. No. 73.)

Hours after the UST filed this supplement to his motion, Mr. Peraica filed a motion for leave to file a response to the motion instanter. (Dkt. No. 74.) He explained that his failure to timely respond was due to the fact that he agreed with the factual allegations made by the UST

---

[2] Based on the Accounting Mr. Peraica provided to the UST, it appears that he failed to reflect three $1,000 payments (received October 21, 2019; November 12, 2019; and April 4, 2020) in his Rule 2016 disclosure. (Mot. at p. 1 of Ex. D.)

A-000005

and that he would rely solely on legal arguments he planned to present when the UST's motion would be heard on November 9, 2021. Mr. Peraica further requested that the Court consider a two-page summarization of the legal arguments he expected to make at the hearing on November 9, 2021, which he attached to his motion as Exhibit A (the "Resp.").

At the November 9, 2021 hearing, the Court granted Mr. Peraica's motion for leave to file his response and has considered the arguments made therein. (Dkt. No. 79.)[3] The Court also heard oral argument from the UST, the Chapter 7 Trustee, and Mr. Boulton.

### III.     APPLICABLE STANDARDS

Section 329 of the Bankruptcy Code requires a debtor's attorney to "file with the court a statement of the compensation paid or agreed to be paid . . . and the source of such compensation." 11 U.S.C. § 329(a). Bankruptcy Rule 2016(b) establishes when the statement is to be filed and includes a provision requiring such disclosure "after any payment or agreement not previously disclosed." FED. R. BANKR. P. 2016(b);[4] *accord* BANKR. N.D. ILL. LOCAL RULE 2016-1. Fee disclosure obligations of debtor's counsel are mandatory, not permissive. *See, e.g.*, *In re Gluth Bros. Constr., Inc.*, 459 B.R. 351, 361 (Bankr. N.D. Ill. 2011); *In re Kowalski*, 402 B.R. 843, 848 (Bankr. N.D. Ill. 2009). "Because disclosure under section 329(a) and Rule 2016(b) is 'central to the integrity of the bankruptcy process,' failure to disclose is sanctionable." *In re Jackson*, 401 B.R. 333, 340 (Bankr. N.D. Ill. 2009) (quoting *In re Andreas*, 373 B.R. 864, 872 (Bankr. N.D. Ill. 2007)). Courts enjoy broad discretion in determining appropriate remedies for violations of the fee disclosure requirements. *White v. Coyne, Schultz, Becker & Bauer, S.C. (In re Pawlak)*, 483 B.R. 169, 180 & n.13 (Bankr. W.D. Wis. 2012) (citing cases).

A failure to provide the required disclosure alone justifies the bankruptcy court's denial of any or all fees requested. *In re Griffin*, 313 B.R. 757, 764 (Bankr. N.D. Ill. 2004) (citing cases). "Coy or incomplete disclosures that force the court to ferret out pertinent information will not do[.]" *Jackson*, 401 B.R. at 339 (internal quotations omitted). "Many courts, perhaps the majority, punish defective disclosure by denying all compensation." *Andreas*, 373 B.R. at 872.

### IV.     DISCUSSION

It is undisputed that Mr. Peraica's initial and only Rule 2016(b) disclosure is significantly inaccurate and incomplete, failing to list many thousands of dollars in fee payments received both pre- and post-petition and also failing to disclose the source of those payments. The Accounting

---

[3] Mr. Peraica should have complied with the briefing schedule this Court set; it was an order not a suggestion. "Ignoring deadlines is the surest way to lose a case." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994). "Adherence to established deadlines is essential if all parties are to have a fair opportunity to present their positions." *Hill v. Porter Mem'l Hosp.*, 90 F.3d 220, 224 (7th Cir. 1996). Nevertheless, the Court decided to allow the response to be filed so that all of Mr. Peraica's arguments could be considered. The UST did not object to the motion.

[4] Under Rule 2016(b), every attorney for a debtor is required to file and transmit to the United States Trustee the statement required by Section 329(a) within 14 days after the bankruptcy petition is filed, or at another time as the court may direct. A supplemental statement is required to be filed and transmitted "within 14 days after any payment or agreement not previously disclosed." FED. R. BANKR. P. 2016(b).

A-000006

Mr. Peraica provided to the UST was inadequate. It was not in the appropriate form, was not filed with the Court, and was itself incomplete in failing to disclose the source of the fee payments.

Mr. Peraica does not dispute the facts alleged in the UST's motion, but he states that his failure to comply with the disclosure requirements arose "out of a lack of experience in such matters, having no prior experience with filing for ongoing fees."[5] (Resp. at pp. 1-2.) He claims that when asked for an accounting of his fees by the UST, he "provided the full amount [he] received," although it was "incorrectly stated."[6] (*Id.* at p. 2.) But he ignores the fact that the UST never asked him for an "accounting." The UST asked him instead to file a correct and complete fee-disclosure report. And the UST made this demand not once, not twice, but three times. Mr. Peraica's submission of the Accounting neither complies with nor satisfies the requirements set forth in Section 329(a) and Rule 2016(b).

In addition, Mr. Peraica's alleged lack of familiarity with the ongoing disclosure requirements does not excuse him from his obligation to make and file those disclosures, as he himself acknowledged in his response. (Resp. at p. 1.) Ignorance of the requirements of the Bankruptcy Code and Rules does not serve as a justification for his failure to comply. *See In re Nat'l Distribs. Warehouse Co.,* 148 B.R. 558, 562 (Bankr. E.D. Ark. 1992) ("The fact that these particular attorneys were unaware of the specific requirements under the Bankruptcy Code does not excuse them."); *In re Marine Power & Equip. Co.*, 67 B.R. 643, 654 (Bankr. W.D. Wa. 1986) (An attorney's "unfamiliarity with the applicable provisions of the Bankruptcy Code cannot excuse his lack of compliance.").

Moreover, Mr. Peraica's claim that he lacks bankruptcy experience is not true. Mr. Peraica is an experienced attorney who has been practicing law in Illinois since 1984.[7] He has been involved in over 350 bankruptcy cases in the past thirty-five years in this District alone.[8] In the majority of those cases he represented Chapter 7 debtors.

But even if the Court were to accept Mr. Peraica's excuse that he lacked sufficient bankruptcy experience to know what type of fee disclosure form he was required to file, he has provided no excuse for ignoring the thrice-repeated instructions from the UST to make the statutorily required fee disclosures. In fact, to date he has still failed to rectify the incorrect disclosure he made on the Rule 2016(b) document filed with the petition and has disregarded his

---

[5] Specifically, the response states the "Debtor failed to thereafter list $13,000 in fees received from the Debtor out of a lack of experience in such matters, having no prior experience with filing for ongoing fees." (Resp. at pp 1-2.) The Court points out that Section 329(a) and Rule 2016(b) require the debtor's attorney, not the debtor, to make the disclosure. Thus, any reference to the Debtor's failure to comply is incorrect; Mr. Peraica himself was required to make the disclosures.

[6] Mr. Peraica failed to explain what he meant when he said that the Accounting reflected the full amount received, but was "incorrectly stated."

[7] According to the website of the Illinois Attorney Registration & Disciplinary Commission of the Supreme Court of Illinois, Mr. Peraica was admitted to practice law in Illinois on May 10, 1984.

[8] The Court ran a report in CM/ECF and found that Mr. Peraica has been associated with 369 cases and adversary proceedings as an attorney in the Northern District of Illinois since 1986. The Court can take judicial notice of its own records. *E.g., Mottaz v. Oswald (In re Frierdich)*, 294 F.3d 864, 870 (7th Cir. 2002). The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081-82 (7th Cir. 1997).

duty to supplement that initial Rule 2016(b) filing. Mr. Boulton's statement during oral argument on this motion that he is prepared to remedy the situation falls short of the requirements in the Code and Rules and rings hollow considering Mr. Peraica's persistent disregard of these requirements for months.

Further, Mr. Peraica maintains that there is no damage to the Debtor's estate as a result of his lack of disclosure. At the oral argument on this motion, Mr. Boulton puzzlingly referred to the harm as merely "esoteric." But, in fact, the harm to the bankruptcy-court system from the failure of Debtor's counsel to comply with fee-disclosure requirements is significant and not merely "esoteric." Those disclosures are the primary source by which the Court and interested parties may determine whether such counsel has conflicts of interest and whether he owes his allegiance to the debtor he purports to represent or instead to some undisclosed third party who is paying counsel's fees: "The objective of requiring disclosure is not so much to protect against prejudice to the estate, but to ensure undivided loyalty and untainted advice from professionals." *In re Midway Indus. Contractors, Inc.*, 272 B.R. 651, 664 (Bankr. N.D. Ill. 2001). S*ee also Kravit, Gaes & Weber, S.C. v. Michel (In re Crivello)*, 134 F.3d 831, 839 (7th Cir. 1998) ("Bankruptcy courts have neither the resources nor the time to investigate the veracity of the information submitted in 2016(b) statements and affidavits and to root out the existence of undisclosed conflicts of interest."). When Mr. Boulton dismissively argues that any harm resulting from Mr. Peraica's failure to disclose is merely "esoteric," it suggests to the Court that Mr. Peraica still does not fully comprehend or accept the significance of his dereliction of duty.

## V.    CONCLUSION

For these reasons, the Court grants the UST's motion and requires Mr. Peraica to forfeit all fees he received from the Debtor and pay such amounts to the Chapter 7 Trustee as a penalty for his willful failure to comply with Section 329(a) and Rule 2016(b). The Court orders Mr. Peraica to remit $21,500, plus any other undisclosed fees received in this case, to the Chapter 7 Trustee on or before November 30, 2021.

**ENTERED:**

**DATE:** November 16, 2021

*Donald R. Cassling*
**Donald R. Cassling**
**United States Bankruptcy Judge**

5