No. 22-2501

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

In re JELENA DORDEVIC, Debtor.

---

JELENA DORDEVIC and ANTHONY PERAICA, Appellants,
v.
PATRICK S. LAYNG, UNITED STATES TRUSTEE, Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

---

**UNITED STATES TRUSTEE'S SUPPLEMENTAL APPENDIX**

---

**TABLE OF CONTENTS**

1.    Voluntary Petition and Rule 2016(b) Statement, ECF No. 1 ............................001

2.    UST Emails to S. Boulton and A. Peraica, ECF No. 62, Ex. C ........................016

3.    List of Payments to A. Peraica, ECF No. 62, Ex. D ...........................................018

4.    UST Emails to S. Boulton and A. Peraica, ECF No. 62, Ex. E ........................019

5.    Motion to Examine Fees, ECF No. 67 ..................................................................020

6.    Chapter 7 Trustee's Joinder to Motion to Examine Fees, ECF No. 72 ...........025

7.    Supplement to Motion to Examine Fees, ECF No. 73......................................027

8.    Motion to File Instanter Response, ECF No. 74 ................................................029

9.    Response to Motion, ECF No. 74-1 .......................................................................031

10.   Transcript of November 9, 2021, Hearing ...........................................................033

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Northern District of Illinois

Case number (*if known*): _____

Chapter you are filing under:
- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy   12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | First name **Jelena** <br> Middle name <br> Last name **Dordevic** <br> Suffix (Sr., Jr., II, III) | First name <br> Middle name <br> Last name <br> Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** Include your married or maiden names. | First name <br> Middle name <br> Last name <br> First name <br> Middle name <br> Last name | First name <br> Middle name <br> Last name <br> First name <br> Middle name <br> Last name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – __1_ _1_ _3_ _8_ <br> OR <br> 9 xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___ <br> OR <br> 9 xx – xx – ___ ___ ___ ___ |

Debtor 1    Jelena Dordevic                                   Case number *(if known)* _____
_____
First Name    Middle Name    Last Name

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years** <br> Include trade names and *doing business as* names | ☐ I have not used any business names or EINs. <br><br> SEE ATTACHMENT SHEET A <br> _____ <br> Business name <br><br> _____ <br> Business name <br><br> EIN  _ _ – _ _ _ _ _ _ _ <br> <br> EIN  _ _ – _ _ _ _ _ _ _ | ☐ I have not used any business names or EINs. <br><br> _____ <br> Business name <br><br> _____ <br> Business name <br><br> EIN  _ _ – _ _ _ _ _ _ _ <br> <br> EIN  _ _ – _ _ _ _ _ _ _ |

**5. Where you live**

11146 Indian Woods Drive
_____
Number    Street

Unit 32A
_____

Indian Head Park          IL     60525
_____
City                State   ZIP Code

Cook
_____
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City                State   ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number    Street

_____

_____
City                State   ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City                State   ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

Check one:

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____

Check one:

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____

Debtor 1 ___Jelena Dordevic___
First Name   Middle Name   Last Name

Case number (if known)_____

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |
|---|---|

**7. The chapter of the Bankruptcy Code you are choosing to file under**

Check one. (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No
☐ Yes.

| Debtor | _____ | | | Relationship to you | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number, if known | _____ |
| | | | MM / DD / YYYY | | |
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |
| | | | MM / DD / YYYY | | |

**11. Do you rent your residence?**

☑ No. Go to line 12.
☐ Yes. Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

- ☐ No. Go to line 12.
- ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Case 20-09807    Doc 1    Filed 04/24/20    Entered 04/24/20 13:11:32    Desc Main
Document    Page 4 of 96

Case: 22-2501    Document: 18    Filed: 06/17/2022    Pages: 50    Supp. Appx. 004

Debtor 1 __Jelena Dordevic__

First Name    Middle Name    Last Name

Case number *(if known)*_____

**Part 3:**    **Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

Name of business, if any _____

Number        Street _____

_____

City _____    State _____    ZIP Code _____

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No.  I am not filing under Chapter 11.

☐ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

**Part 4:**    **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.  What is the hazard? _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____

Number        Street

_____

City _____    State _____    ZIP Code _____

Debtor 1   __Jelena Dordevic_____          Case number (if known) _____
          First Name    Middle Name    Last Name

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |
|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

- ☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

  Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

- ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

  Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

- ☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

  To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

  Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

  If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

  Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

- ☐ **I am not required to receive a briefing about credit counseling because of:**

  - ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  - ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  - ☐ **Active duty.** I am currently on active military duty in a military combat zone.

  If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

- ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

  Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

- ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

  Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

- ☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

  To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

  Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

  If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

  Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

- ☐ **I am not required to receive a briefing about credit counseling because of:**

  - ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  - ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  - ☐ **Active duty.** I am currently on active military duty in a military combat zone.

  If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

| Debtor 1 | Jelena Dordevic | | Case number (if known)_____ |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

## Part 6: Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

☐ No.  I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☑ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☐ 1-49
☐ 50-99
☑ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☑ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ /s/Jelena Dordevic                                    ✗ _____
Signature of Debtor 1                                      Signature of Debtor 2

Executed on 4/24/2020                                  Executed on _____
MM / DD / YYYY                                                MM / DD / YYYY

Debtor 1 __Jelena Dordevic__
First Name   Middle Name   Last Name

Case number *(if known)*_____

| For your attorney, if you are represented by one<br><br>If you are not represented by an attorney, you do not need to file this page. | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
|---|---|

✖ __/s/Anthony J. Peraica__          Date   4 / 24 / 2020
Signature of Attorney for Debtor                 MM / DD / YYYY

__Anthony J. Peraica__
Printed name

__Anthony J. Peraica & Associates, Ltd.__
Firm name

__5130 S. Archer Avenue__
Number    Street

__Chicago__                    __IL__      __60632__
City                          State     ZIP Code

Contact phone __(773) 735-1700__      Email address __peraicalaw@aol.com__

__6186661__                    __IL__
Bar number                     State

Case 20-09807   Doc 1   Filed 04/24/20   Entered 04/24/20 13:11:32   Desc Main
Document   Page 8 of 96

Case: 22-2501   Document: 18   Filed: 06/17/2022   Pages: 50   Supp. Appx. 008

| Debtor 1 | | | | Case number (if known) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 6:** | **Answer These Questions for Reporting Purposes** |
|---|---|

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☐ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ No.  I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| **Part 7:** | **Sign Below** |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

X _____   X _____
Signature of Debtor 1                     Signature of Debtor 2

Executed on _____        Executed on _____
            MM / DD  / YYYY                         MM / DD  / YYYY

Official Form 101                Voluntary Petition for Individuals Filing for Bankruptcy                page 6

**Fill in this information to identify your case:**

Debtor 1      Jelena Dordevic
              First Name        Middle Name        Last Name

Debtor 2
(Spouse, if filing)  First Name      Middle Name        Last Name

United States Bankruptcy Court for the:  Northern District of Illinois

Case number
(If known)      _____

☐ Check if this is an
   amended filing

Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy      04/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Give Details About Your Marital Status and Where You Lived Before

**1. What is your current marital status?**

☐ Married
☑ Not married

**2. During the last 3 years, have you lived anywhere other than where you live now?**

☑ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| Number   Street | From _____  To _____ | Number   Street | From _____  To _____ |
| City         State   ZIP Code | | City         State   ZIP Code | |
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| Number   Street | From _____  To _____ | Number   Street | From _____  To _____ |
| City         State   ZIP Code | | City         State   ZIP Code | |

**3. Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2:   Explain the Sources of Your Income

Debtor 1    Jelena Dordevic _____    Case number (if known)_____
       First Name     Middle Name     Last Name

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No

☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| Charity's Name _____ | | _____ | $_____ |
| _____ | | _____ | $_____ |
| Number    Street _____ | | | |
| City    State    ZIP Code | | | |

**Part 6:**    **List Certain Losses**

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No

☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|
| | | _____ | $_____ |

**Part 7:**    **List Certain Payments or Transfers**

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**

Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No

☑ Yes. Fill in the details.

| Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|
| Anthony J. Peraica & Assoc Ltd<br>Person Who Was Paid | attorneys fees | |
| 5130 S. Archer Avenue<br>Number    Street | | 04/24/2019    $    3,000.00 |
| | | 07/31/2019    $    1,000.00 |
| Chicago    IL    60632<br>City    State    ZIP Code | | 09/18/2019    $    1,000.00 |
| www.peraica.com<br>Email or website address | | |
| N/A<br>Person Who Made the Payment, if Not You | | |

Debtor 1 _____      Case number *(if known)* _____
First Name      Middle Name      Last Name

| | Describe the nature of the business | Employer identification number<br>Do not include Social Security number or ITIN |
|---|---|---|
| Business Name | | EIN: __ __ – __ __ __ __ __ __ __ |
| Number   Street | Name of accountant or bookkeeper | Dates business existed |
| City      State      ZIP Code | | From _____ To _____ |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business?** Include all financial institutions, creditors, or other parties.

☐ No
☐ Yes. Fill in the details below.

Date issued

Name _____      MM / DD / YYYY

Number   Street _____

City      State   ZIP Code

---

**Part 12:   Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____      ✗ _____
Signature of Debtor 1                   Signature of Debtor 2

Date _____                   Date _____

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

☐ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

☑ No
☐ Yes. Name of person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

### Northern District Of Illinois

In re

Case No. _____

**Debtor**

Chapter 7 _____

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 5000.00

    Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . $ 5000.00

    Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

2. The source of the compensation paid to me was:

    ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

    ☑ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/15)

    d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e.   [Other provisions as needed]

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

        Representation at continued Section 341 meetings;

        Representation in adversary proceedings;

        Representation in negotiations for and/or hearings regarding Reaffirmation
        Agreements;

        Representation in Section 2004 proceedings

        Representation regarding repossession and/or turnover of secured properties

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| 4/24/2020 | /s/Anthony J. Peraica |
|---|---|
| *Date* | *Signature of Attorney* |
| | Anthony J. Peraica & Associates, Ltd. |
| | *Name of law firm* |

*Law Offices of*
## ANTHONY J. PERAICA & ASSOCIATES, LTD.
**5130 S. Archer Avenue, Chicago, Illinois 60632**
**(773) 735-1700 (Phone)          (773) 585-3035 (Fax)**
**www.peraica.com**

## CHAPTER 7 BANKRUPTCY RETAINER AGREEMENT

The undersigned ("Client") hereby retain(s) the Law Offices of Anthony J. Peraica & Associates, Ltd. ("Attorney") as attorneys for representation in a Chapter 7 bankruptcy under the following terms and conditions. The Law Offices of Anthony J. Peraica & Associates, Ltd. has informed the undersigned of the procedures involved in the matter described below:

1.        Attorney fees for the Chapter 7 bankruptcy are $ *3,000 —* . This amount does not include court filing fees, or costs for credit counseling or financial management classes. This fee includes all work in the representation in my Chapter 7, but does not include missed 341 meetings, amendments to schedules, motions to dismiss filed by the U.S. Trustee, or any other evidentiary hearings, contested matters or adversary proceedings. It is clearly understood by the undersigned that, should additional work be necessary, requested and/or performed other than that set forth herein, or usually or customarily required for such matters, additional fees or costs may be billed to the Client(s).

2.        Payments above are for General Advance Retainer and are deposited into the firm's operating account. Client(s) will be billed for work on an hourly basis. Attorney will charge at the rate of $475.00 per hour for Anthony J. Peraica and $325.00 per hour for all other associate attorneys for all work, including depositions, court time and non-court time. To save Client(s) money, Attorney employs paralegals and secretaries to provide basic legal services. Client agrees to pay paralegal services at the rate of $175.00 per hour, and secretarial services at the rate of $95.00 per hour.   Client(s) further agree(s) to pay an additional fee of $250.00 for each Reaffirmation Agreement accepted by the debtor and entered in the bankruptcy proceeding, if a hearing is required.  Any continued hearing will result in a $250.00 fee to be paid prior to the continued date.

3.        If Client(s) has secured debts that he/she/they wish to retain (mortgages, financed vehicles or other financed property), Client(s) may be required to sign a Reaffirmation Agreement with the creditor in order to keep the property.  Client(s) must remain current on his/her/their payments.

4.        Client(s) has/have been advised that upon execution of this retainer agreement, client(s) should cease from using or obtaining any credit or credit cards.

5.        Client(s) understand(s) that he/she/they will be billed for all amounts due for fees and costs advanced on his/her/their file.  These amounts are **due in full at the time of execution of the documents.**  Balances not paid by the tenth (10th) business day after the date(s) on invoices/bills may be subject to an interest at the rate of 1.5% per month.

6.        Client(s) understand(s) that if he/she/they fail(s) to take his/her/their financial management class after filing but before discharge, his/her/their case may be closed without discharge, and he/she/they will be required to pay fees and costs to have the case reopened.

7.        Any balance owed by Client(s) for Attorney's fees and costs will be paid before the proceedings are concluded.  Attorney cannot guarantee results and cannot predict a maximum charge. The final bill will be based solely on the time spent and the costs advanced.

8.      The Law Offices of Anthony J. Peraica & Associates, Ltd. has no obligation to perform any services other than specifically stated above and Client(s) agree(s) to prepay all costs, including but not limited to those listed above.

9.      Client(s) acknowledge(s) that no guarantees or promises have been made and the Law Offices of Anthony J. Peraica & Associates, Ltd.'s sole obligation is to provide the aforementioned legal services in a professional and efficient manner.  Down payments/initial retainers are absolutely not refundable.

Dated this _24_ day of ___APRIL___, 20 _19_.

CLIENT(S)                                                 ANTHONY J. PERAICA & ASSOCIATES, LTD.

ADDRESS: _11146 INDIAN WOODS DR._
_INDIAN HEAD PARK, IL 60525_

CONTACT INFO:

HOME PHONE NO._____

CELL PHONE: ████████████████

EMAIL: ████████████████████

Page 2 of 2

| | |
|---|---|
| **From:** | Stephen F. Boulton |
| **To:** | Snell, Jeffrey (USTP) |
| **Cc:** | Anthony Peraica |
| **Subject:** | RE: Jelena Dordevic Payments |
| **Date:** | Thursday, August 5, 2021 5:09:17 PM |

We area loaded up on those dates because I am out East seeing family through the 19th, so things are back-loaded to occur on my return.  Can we do September dates?

Stephen F. Boulton

Anthony J. Peraica & Associates, Ltd.

5130 South Archer Avenue

Chicago IL  60632

(773) 735-1700

---

**From:** Snell, Jeffrey (USTP) [mailto:Jeffrey.Snell@usdoj.gov]
**Sent:** Thursday, August 5, 2021 5:05 PM
**To:** Stephen F. Boulton <SBoulton@peraica.com>
**Cc:** Anthony Peraica <peraicalaw@aol.com>
**Subject:** RE: Jelena Dordevic Payments

Thank you, Stephen. The Rule 2016 disclosures actually need to be filed with the Court… there's an official form.

If there is an issue with any of the 4 deposition dates below, please let me know by noon tomorrow, as I need to get subpoenas out for third-party witnesses (Zaric and Mircic, and perhaps one or two others). In light of the debtor's answers to certain factual allegations in the complaint, and certain information obtained subsequent to the Rule 2004 exam conducted in the main bankruptcy case, I'm going to need to conduct a deposition of Jelena Dordevic. If one of the below dates is preferable to her, please let me know.

Thanks,
Jeff

---

**From:** Stephen F. Boulton <SBoulton@peraica.com>
**Sent:** Tuesday, August 3, 2021 2:40 PM
**To:** Snell, Jeffrey (USTP) <Jeffrey.Snell@usdoj.gov>
**Cc:** Anthony Peraica <peraicalaw@aol.com>
**Subject:** RE: Jelena Dordevic Payments

Mr. Snell,

Please find attached an accounting of fees on the Dordevic Chapter 7 Bankruptcy.  I remind you that Jelena Dordevic is not a party to the Adversary Proceeding *Paloian, as Trustee v. Jorgovanka Dordevic*, Case No. 20- ap-340, and she has no fees to pay on that matter, nor to our knowledge has she made any payments.

**Exhibit C**

Stephen F. Boulton
Anthony J. Peraica & Associates, Ltd.
5130 South Archer Avenue
Chicago IL  60632
(773) 735-1700

---

**From:** Snell, Jeffrey (USTP) [mailto:Jeffrey.Snell@usdoj.gov]
**Sent:** Monday, August 2, 2021 11:06 AM
**To:** Anthony Peraica <peraicalaw@aol.com>; Stephen F. Boulton <SBoulton@peraica.com>
**Subject:** Dordevic

Gentlemen,

Your Rule 2016 disclosures do not appear to be complete. Please file the required disclosure reporting all sums received for your work on behalf of the debtor, and the source(s) of such payment(s).

Does the debtor intend to go forward with trial on the 727 complaint? If so, I need to schedule depositions of several individuals later this month. Do any of the following dates pose scheduling conflicts for you? 8/18, 8/19, 8/20, 8/24. The deps would start at 1:00 PM. Please advise as soon as possible, as I will need to send out subpoenas later this week.

Thanks,
Jeff


Jeffrey Snell, Trial Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn Street, Room 873
Chicago, IL 60604
Telephone:  (312) 886-0890
Fax:  (312) 886-5794

**Exhibit C**

Supp. Appx. 018

**DORDEVIC PAYMENTS:**     **CHAPTER 7 BK CASE 20-09807**

| DATE | | PAYMENT |
|------|------|---------|
| 04.24.2019 | cash | $2,500.00 |
| 04.24.2019 | card ending in 5237 | $500.00 |
| 07.31.2019 | card ending in 9458 | $1,000.00 |
| 09.18.2019 | card ending in 9382 | $1,000.00 |
| 10.21.2019 | card ending in 9358 | $1,000.00 |
| 11.12.2019 | card ending in 9358 | $1,000.00 |
| 04.17.2020 | card ending in 9750 | $1,000.00 |
| 05.29.2020 | card ending in 9750 | $1,000.00 |
| 07.14.2020 | AV Xpress check #1268 | $2,000.00 |
| 07.30.2020 | card ending in 2368 | $1,000.00 |
| 08.18.2020 | card ending in 6162 | $1,000.00 |
| 09.03.2020 | card ending in 6162 | $1,000.00 |
| 09.04.2020 | cash | $1,000.00 |
| 11.04.2020 | AV Xpress check #1664 | $3,000.00 |
| 02.12.2021 | AV Xpress check #1613 | $1,000.00 |
| 03.18.2021 | card ending in 9562 | $2,500.00 |
| **TOTAL PAYMENTS:** | | **$21,500.00** |

**Exhibit D**

| | |
|---|---|
| **From:** | Snell, Jeffrey (USTP) |
| **To:** | Stephen F. Boulton; Anthony Peraica |
| **Subject:** | RE: Jelena Dordevic Payments |
| **Date:** | Thursday, August 19, 2021 11:24:00 AM |
| **Attachments:** | Layng v Dordevic 8.19.21.pdf |

Counselors,

Please find a letter sent by Fedex today with accompanying jump drive containing documents obtained to date by 3rd party subpoenas. The password to unlock the drive is:

Dordevic#21ap32

Also, at your earliest convenience, please provide 4 September deposition dates that work on your end. The depositions would begin at 1:00 PM.

Lastly, you need to file your Rule 2016 disclosures. I appreciate that you sent the information to me, but it needs to be filed with the Court.

Thanks for your attention to the above.


Jeffrey Snell, Trial Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn Street, Room 873
Chicago, IL 60604
Telephone:  (312) 886-0890
Fax:  (312) 886-5794



**From:** Snell, Jeffrey (USTP)
**Sent:** Thursday, August 12, 2021 11:23 AM
**To:** Stephen F. Boulton <SBoulton@peraica.com>
**Cc:** Anthony Peraica <peraicalaw@aol.com>
**Subject:** RE: Jelena Dordevic Payments

It looks like I am going to be clear in September. Please provide 4 dates that work well for you for 1:00 dep starts. Thanks

**From:** Stephen F. Boulton <SBoulton@peraica.com>
**Sent:** Thursday, August 5, 2021 5:09 PM
**To:** Snell, Jeffrey (USTP) <Jeffrey.Snell@usdoj.gov>
**Cc:** Anthony Peraica <peraicalaw@aol.com>
**Subject:** RE: Jelena Dordevic Payments

**Exhibit E**

Case: 22-2501      Document: 50      Filed: 11/17/2022      Pages: 50
Supp. Appx. 020

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| JELENA DORDEVIC, | ) | CASE NO. 20 B 09807 |
| | ) | |
| DEBTOR. | ) | HON. DONALD R. CASSLING |

**UNITED STATES TRUSTEE'S MOTION TO EXAMINE FEES PAID
TO ATTORNEY PURSUANT TO 11 U.S.C. § 329 AND FOR OTHER RELIEF**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Jeffrey S. Snell, hereby requests this Court, pursuant to 11 U.S.C. §§ 105 and 329 and Fed. R. Bankr. P. 2017, to examine the fees paid to attorney Anthony J. Peraica ("Peraica") in connection with this case and for other relief. In support of this request, the U.S. Trustee respectfully states to the Court as follows:

**Jurisdiction**

1.      The Court has jurisdiction to hear and determine this proceeding under 28 U.S.C. § 157(b)(2)(A) and Internal Operating Procedure 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2.      Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a)(3). The U.S. Trustee has standing to bring this Motion under 11 U.S.C. § 307.

**Background**

3.      On April 24, 2020 (the "Petition Date"), Jelena Dordevic (the "Debtor"), with the assistance of her attorney, Peraica, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (*See* Dkt. No. 1.)

3

4.      Accompanying Debtor's Petition, Peraica filed his Disclosure of Compensation of Attorney for Debtor in which he represented that he had been paid $5,000 by the Debtor prior to the Petition Sate. (*See* Exhibit A.)

5.      On February 23, 2021, the U.S. Trustee filed a complaint objecting to Debtor's bankruptcy discharge under 11 U.S.C. § 727. (*See Layng v. Dordevic*, 21-AP-32.) Through discovery in that adversary proceeding, the U.S. Trustee learned the Debtor had made a number of undisclosed post-petition payments to Peraica, including from an account that Debtor controlled in the name of Sprint Freight, Inc.[1]

---

[1] During a Rule 2004 examination conducted February 2, 2021, the U.S. Trustee asked the Debtor about an entity whose name had surfaced by that point in his investigation:

    Q.    Have you heard of Sprint Freight, Inc?

    A.    Yes.

    Q.    And what is Sprint Freight?

    A.    That was also trucking company where I leased my trucks to them.

    Q.    You leased your trucks to them?

    A.    Yeah.

    Q.    Who owns Sprint Freight?

    A.    I think it's Aleksander Mircic.

    ….

    Q.    Were you ever a signer on Sprint Freight's bank accounts?

    A.    *I don't remember*.

(*See* Exhibit B, February 2, 2021, Rule 2004 examination at 49:5-22) (emphasis supplied.) Debtor's testimony that she didn't "remember" whether or not she was a signer on Sprint Freight's bank account is highly questionable given that she used an account titled to the entity (through *her* debit card issued on the account) *four times on the day of her testimony*. The fact of the matter is that Debtor appears to have been the only signer on an account at Chase Bank ending in 2762 and titled to Sprint Freight Inc. since its opening on May 31, 2018. Around September of 2020, it appears Debtor began using the account as a personal account.

6.      On August 2, 2021, the U.S. Trustee contacted Peraica and noted, in pertinent part:

> Your Rule 2016 disclosures do not appear to be complete. Please file the required
> disclosure reporting all sums received for your work on behalf of the debtor, and the
> source(s) of such payment(s).

(*See* Exhibit C, p. 2.) On August 3, 2021, Peraica, through his colleague, Stephen F. Boulton,

provided the U.S. Trustee with a document listing fees received for Debtor's bankruptcy case, a

copy of which is attached as Exhibit D. When a Rule 2016 statement was not thereafter filed, on

August 5, 2021, the U.S. Trustee followed up with an email to Boulton (with a cc to Peraica),

observing, in pertinent part:

> Thank you, Stephen. The Rule 2016 disclosures actually need to be filed with the Court…
> there's an official form.

(*See* Exhibit C, p. 1.) After the passage of several weeks with still no Rule 2016 disclosures, the

U.S. Trustee again reminded Boulton and Peraica in an email sent August 19, 2021:

> Lastly, you need to file your Rule 2016 disclosures. I appreciate that you sent the
> information to me, but it needs to be filed with the Court.

(*See* Exhibit E.)

7.      To date, Peraica's only Rule 2016 disclosure was that filed with the Petition. The

accounting Peraica provided to the U.S. Trustee shows that he was actually paid $8,000 before the

Petition Date (*see* Exhibit D, entries between April 24, 2019 and April 17, 2020), not $5,000 as

represented in his disclosure.[2] The accounting further shows that Peraica has been paid an

additional $13,500 across 9 different payments since the Petition Date, none of which have been

disclosed in a Rule 2016 filing with the Court.

---

[2] From the payment dates reported in response to Question 16 of Debtor's SOFA (where the Debtor
reports having paid $5,000), it appears Peraica's initial Rule 2016 disclosure failed to reflect the
payments he received on 10/21/19, 11/12/2019, and 4/17/2020. (*Compare* SOFA *with* Exhibit D.)

### Relief Requested

8.    Section 329(a) of the Bankruptcy Code provides:

Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C.S. § 329. Rule 2016(b) provides that the disclosure required under § 329(a) be made within 14 days of an attorney's receipt of any post-petition payment. Fed. R. Bankr. Proc. 2016.

9.    "[T]he disclosure requirements imposed by [Section] 329 are mandatory not permissive." *Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers)*, 4 F.3d 1556, 1565 (10th Cir. 1993) (internal quotation omitted). Courts have addressed non-compliance with Section 329's requirements with strong penalties. "Many courts, perhaps the majority, punish defective disclosure by denying all compensation." *In re Andreas*, 373 B.R. 864, 872 (Bankr. N.D. Ill. 2007).

10.    Peraica's particular motivation(s) for failing to disclose the fees received for this case are not definitively known to the U.S. Trustee. But Peraica's willfulness in failing to comply with Section 329 is not subject to any reasonable doubt. He has been told 3 times that the required disclosures remain outstanding, and he has failed to remedy the situation. Accordingly, the U.S. Trustee suggests that Peraica should be required to forfeit all fees and pay such amounts over to the Chapter 7 Trustee as a penalty for his willful conduct.

WHEREFORE, the United States Trustee requests the Court enter an order:

(a) Requiring Anthony J. Peraica to remit $21,500, plus any other as-of-yet undisclosed

    fees collected in this case; to the Chapter 7 Trustee within 14 days, and

(b) Awarding such other and further relief as is just.

                         RESPECTFULLY SUBMITTED:

                         PATRICK S. LAYNG
                         UNITED STATES TRUSTEE

Dated: <u>September 28, 2021</u>         By:  <u>/s/ *Jeffrey S. Snell*</u>
                         Jeffrey S. Snell, Trial Attorney
                         United States Department of Justice
                         Office of the United States Trustee
                         219 South Dearborn, Room 873
                         Chicago, Illinois 60604
                         Telephone: (312) 886-0890
                         Email: Jeffrey.Snell@usdoj.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| JELENA DORDEVIC, | Case No. 20-09807 |
| Debtor. | Honorable Donald R. Cassling |

### CHAPTER 7 TRUSTEE'S JOINDER TO THE U.S. TRUSTEE'S MOTION TO EXAMINE FEES PAID TO ATTORNEY PURSUANT TO 11 U.S.C. § 329 AND FOR OTHER RELIEF [DKT NO. 67]

Gus A. Paloian, not individually, but solely as Chapter 7 trustee (the "Trustee") for the bankruptcy estate of the Debtor, by his attorneys hereby joins the U.S. Trustee's Motion to Examine Fees Paid to Attorney Pursuant to 11 U.S.C. § 329 and For Other Relief filed on September 28, 2021 [Dkt No. 67] for the legal reasoning and facts stated therein, seeking disclosure of amount and source of Debtor's counsel's fees, and turnover of $21,500 and any other as-of-yet undisclosed fees collected in this case to the Trustee.

76522293v.1

Case 20-09807   Doc 72   Filed 10/20/21   Entered 10/20/21 13:06:43   Desc Main
Document   Page 2 of 2

Case: 22-2501   Document: 10   Filed: 12/17/2022   Pages: 50   Supp. Appx. 026

Dated: October 20, 2021

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Andrew R. Medearis

Andrew R. Medearis (6337979)
Gus A. Paloian (06188186)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
gpaloian@seyfarth.com
amedearis@seyfarth.com

*Counsel to Chapter 7 Trustee, Gus A. Paloian*

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| JELENA DORDEVIC, | ) | CASE NO. 20 B 09807 |
| | ) | |
| DEBTOR. | ) | HON. DONALD R. CASSLING |

**SUPPLEMENT TO UNITED STATES TRUSTEE'S MOTION TO EXAMINE FEES
PAID TO ATTORNEY PURSUANT TO 11 U.S.C. § 329 AND FOR OTHER RELIEF**

Now comes Patrick S. Layng, the United States Trustee for the Northern District of Illinois

(the "U.S. Trustee"), by and through his attorney, Jeffrey S. Snell, and in supplement to his Motion

to Examine Fees Paid to Attorney Pursuant to 11 U.S.C. § 329 and For Other Relief [Dkt. 67] (the

"Motion"), respectfully states as follows:

　　　1.　　　The U.S. Trustee filed his Motion on September 28, 2021, due to attorney Anthony

Peraica's failure to comply with the fee disclosure requirements set forth in Bankruptcy Rule 2016.

The U.S. Trustee noted in his Motion:

> Peraica's particular motivation(s) for failing to disclose the fees received for this case are
> not definitively known to the U.S. Trustee. But Peraica's willfulness in failing to comply
> with Section 329 is not subject to any reasonable doubt. He has been told 3 times that the
> required disclosures remain outstanding, and he has failed to remedy the situation.
> Accordingly, the U.S. Trustee suggests that Peraica should be required to forfeit all fees
> and pay such amounts over to the Chapter 7 Trustee as a penalty for his willful conduct.

(Motion, ¶ 10.)

　　　2.　　　The day after the U.S. Trustee filed his Motion, on September 29, 2021, Peraica

filed his Notice of Objection to the Motion. (Dkt. 69.)

　　　3.　　　At the initial presentment of the Motion on October 5, 2021, Peraica's colleague,

Stephen F. Boulton appeared and requested two weeks to file a written response to the Motion.

1

Peraica was thereafter provided until October 19, 2021, to file his response, and the U.S. Trustee

was given until November 2, 2021, to file a reply. (*See* Dkt. 70.)

4.      Peraica failed to file any response to the U.S. Trustee's Motion. More importantly,

Peraica continued in his election to knowingly violate Bankruptcy Rule 2016 by failing to file a

complete and accurate fee disclosure. Peraica has chosen not to comply with his obligations as an

attorney practicing before this Court, and the U.S. Trustee submits that all fees should be forfeited

to the Chapter 7 Trustee as a penalty for same.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

Dated: <u>November 1, 2021</u>                    By:  <u>/s/ *Jeffrey S. Snell*          </u>
                                                              Jeffrey S. Snell, Trial Attorney
                                                              United States Department of Justice
                                                              Office of the United States Trustee
                                                              219 South Dearborn, Room 873
                                                              Chicago, Illinois 60604
                                                              Telephone: (312) 886-0890
                                                              Email: Jeffrey.Snell@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
|     JELENA DORDEVIC, | ) | Case No. 20-09807 |
|               Debtor. | ) | Chapter 7 |
| | ) | Honorable Donald R. Cassling |
| | ) | |

### MOTION TO FILE INSTANTER RESPONSE TO MOTION TO INSPECT FEES

NOW COMES Debtor, JELENA DORDEVIC, and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, moves this Honorable Court to grant her leave to file *instanter* her Response to Trustee's Motion to Inspect Fees, a copy of which is attached hereto.  In support of this Motion, Debtor states as follows:

1.	Trustee's Motion to Inspect Fees was filed on September 28, 2021

2.	 In an order dated October 6, 2021, the Court directed that any written response should be filed by October 19, 2021, with a Reply filed on November 2, 2021, and an oral hearing on the motion set for November 9, 2021.

3.	Debtor determined that the factual allegations of the Trustee were accurate, and decided to present argument on November 9.

4.	On November 1, 2021, the Trustee asserted that the Motion should be granted due to a lack of written filing, when only a waiver of briefing was intended.

5.	Debtor has a memorandum of 2 pages which summarizes the arguments to be made at hearing.

WHEREFORE, Debtor, JELENA DORDEVIC, respectfully requests that this Court grant her leave to file *instanter* his Response to Plaintiff's Motion to Inspect Fees, and grant him such other and further relief as this Honorable Court deems appropriate in the premises.

Respectfully submitted,

JELENA DORDEVIC

By: /s/          *Anthony J. Peraica*

Anthony J. Peraica – ARDC NO. 6186661
Counsel for Debtor
ANTHONY J. PERAICA & ASSOCIATES, LTD.
5130 S. Archer Avenue
Chicago, Illinois 60632
773-735-1700
Support@peraica.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                                    )
    JELENA DORDEVIC,                 )        Case No. 20-09807
               Debtor.          )        Chapter 7
                      )        Honorable Donald R. Cassling
                      )

## RESPONSE TO MOTION TO INSPECT FEES

NOW COMES Debtor, JELENA DORDEVIC, and for her Response to the Motion of the

Trustee to Inspect Fees states as follows:

Debtor does not dispute that some appropriate filings were not timely made with the

Clerk of the Court. Disclosure under the Rules is mandatory, not permissive.  In re Kowalski,

402 B.R. 843, 848 (Bankr. N.D. Ill. 2009).    The failure to make full disclosure is sanctionable,

and the sanctions can include partial or total denial of compensation as well as partial or total

disgorgement of fees paid. *In re Andreas,* 373 B.R. 864, 872 (Bankr.N.D.Ill.2007); *In re*

*Jackson*, 401 B.R. 333, 340 (Bankr. N.D. Ill. 2009).  The extent to which compensation should

be denied rests with the Court's sound discretion.  *In re Kowalski*, 402 B.R. 843, 848 (Bankr.

N.D. Ill. 2009).  However, full disgorgement is found when the fee arrangement has been either

not disclosed or inaccurately stated.  See, e.g., *In re Jackson*, 401 B.R. 333, 341 (Bankr. N.D. Ill.

2009) ("sever Sanction" of total disgorgement issued when attorney twice misrepresented his fee

arrangement to the court, and the fees to be charged.

However, no contumacious conduct is present justifying disgorgement.

In the case at bar, the debtor and his attorney made the appropriate initial disclosure, listing his

agreement and listing $8,000 in fees.  Debtor failed to thereafter list $13,000 in fees received

from the Debtor out of a lack of experience in such matters, having no prior experience with

filing for ongoing fees. When asked for an accounting by the Trustee, the Debtor's attorney provided the full amount received, although incorrectly stated.

Further, no damage to the estate is present. The purpose of section 329 is limited, as it regulates the relationship between a debtor and the debtor's attorney. The purpose of section 329 is to protect debtors and the estate. Its purpose is not to protect the bankruptcy system as a whole by deterring improper filings. *In re Petrovic*, 560 B.R. 312 (Bankr. N.D. Ill. 2016). In the case at bar, other than the initial fees which were fully disclosed, no funds are requested of the Estate and have come from outsides sources. Accordingly, a minimal sanction should be imposed, and at maximum the amounts not identified in subsequent filings.

WHEREFORE, Debtor, JELENA DORDEVIC, respectfully requests that the Court deny sanction in this matter and grant Debtor leave to file her supplemental statements on fees earned.

Respectfully submitted,

JELENA DORDEVIC,

s/ Anthony J. Peraica
Anthony J. Peraica

Anthony J. Peraica, #6186661
Anthony J. Peraica & Associates, Ltd.
5130 S. Archer Avenue
Chicago, Illinois 60632
Phone: (773) 735-1700
Fax: (773) 585-3035
support@peraica.com

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                    )   No. 20 B 09807
                          )
JELENA DORDEVIC,          )   Chicago, Illinois
                          )   November 9, 2021
              Debtor.)        10:00 a.m.


TRANSCRIPT OF ZOOM PROCEEDINGS BEFORE THE
HONORABLE DONALD R. CASSLING


APPEARANCES:

For the Debtor:           Mr. Stephen Boulton;

For the U.S. Trustee:     Mr. Jeffrey Snell;

For the Chapter 7 Trustee:  Mr. Andrew Medearis;


Court Reporter:           Phylllis Yaeger, CSR
                          U.S. Courthouse
                          219 South Dearborn
                          Room 661
                          Chicago, IL  60604.

Case: 22-2501     Document: 18     Filed: 11/17/2022     Pages: 50  Supp. Appx. 034

6

1    Mr. Medearis afterwards too.  Go ahead.

2                    MR. SNELL:  Thank you, Your Honor.

3                    With respect to the case law cited by

4    Mr. Peraica, the U.S. Trustee does not disagree with

5    the case law.  I think it's a fairly-settled issue

6    that attorneys need to disclose all the fees they

7    receive.  They need to be accurately disclosed.  It's

8    important that they be disclosed.

9                    And to the extent that any fees are

10   ordered to be returned or paid over, it's within the

11   Court's discretion based on the facts of the case.

12                   And I think, reading the Jackson case

13   and the Kowalski case that he cites, I don't

14   understand how they support what happened here from

15   Mr. Peraica's perspective, but I do think that

16   they're, you know, representative of the general case

17   law on the matter.

18                   The biggest issue -- and Mr. Peraica

19   said that the U.S. Trustee said that because he

20   didn't respond, the U.S. Trustee's motion should be

21   granted, which was not what I was trying to convey in

22   writing that supplement that was filed November 1st.

23                   The U.S. Trustee -- the bigger point

24   is, Mr. Peraica has still not complied with Rule

25   2016.  And why that hasn't happened is concerning,

1  because it cannot, at this point, be accidental.

2  He's been warned multiple times.

3           Then a motion was filed.  Then he --

4  he has opposed the motion and yet still has not

5  complied.  And in his written response, he said there

6  was no contumacious conduct in this case.

7           The U.S. Trustee would completely

8  disagree.  The willing and continuing failure to

9  comply with obligations imposed on attorneys is, I

10  believe, contumacious conduct.

11           Mr. Peraica also said that he fully

12  disclosed his fees.  He said that on the first page

13  of his response to the motion to examine fees.

14           In the case at bar, the debtor and his

15  attorney made the appropriate initial disclosure,

16  listing his agreement and listing $8,000 in fees.

17           The Rule 2016 statement is an exhibit

18  to the motion.  It actually says $5,000.  I've listed

19  in a footnote where that $5,000, I believe, comes

20  from certain payments.  But he's representing in his

21  response that his initial fees were accurately

22  disclosed, when they were not, from what I see.

23           He says that no damage to the estate

24  is present, but I'm not sure that that's accurate at

25  all.  Because what's significant is, what is the

Case: 22-2501     Document: 18     Filed: 11/17/2022     Pages: 50 Supp. Appx. 036

8

1    source of these funds?  And the funds that the U.S.

2    Trustee discovered were funds that came from an

3    account held in the name of an entity that the

4    account was never disclosed.

5                   Now, it wasn't what I would call, you

6    know, vibrantly active on the petition date being

7    used as a personal account.  It became much more

8    active after the petition.  But it was an account,

9    nonetheless, that the debtor had been a signer on

10   since --

11                  THE COURT:  Was this the Sprint

12   account?

13                  MR. SNELL:  Yes, Your Honor.  It's the

14   Sprint --

15                  THE COURT:  Okay.

16                  MR. SNELL:  In the --

17                  THE COURT:  In the Sprint account

18   there was at least -- from my recollection at least,

19   I think one $5,000 payment from the Sprint account to

20   the PHMX defendant, or corporation, as part of the

21   payments that I found the debtor made on her behalf.

22   It was the only one from that account, but that's why

23   I remember the Sprint account.

24                  It was used at least once pre-petition

25   in connection with the issues that were raised in a

1    trial that was recently conducted before me.

2              MR. SNELL:  Yes, Your Honor.  I didn't

3    mean to imply that it wasn't used pre-petition.  I'm

4    sort of talking about the amount of activity --

5              THE COURT:  Sure.

6              MR. SNELL:  -- that was ongoing.

7    Because by the time -- by September 2020, it's being

8    used much more frequently, it appears, for not only

9    business expenses, as if somebody is operating a

10   trucking business, but also for personal expenses and

11   being used as a personal account, including on the

12   day that the debtor testified in the Rule 2004

13   examination where Mr. Peraica was present.  The

14   issuer was never a signer on the account.

15             The one thing I did want to correct

16   from my motion, and specifically footnote one, where

17   I said, second-to-last sentence, the fact of the

18   matter is, the debtor appears to have been the only

19   signer on an account at Chase Bank, ending in 2762

20   and titled Sprint Freight, since it's opening on May

21   31st, 2018.

22             In preparing this morning, I realized

23   that's not correct.  The account was opened May 11th,

24   2018.  Mr. Merchek was the signer; Ms. Dordevic the

25   debtor, May 31st, 2018.  What I was looking at in

Case: 22-2501     Document: 18     Filed: 11/17/2022     Pages: 50 Supp. Appx. 038

10

1    making that statement was a document filed to make

2    her the signer.

3              THE COURT:  Okay.

4              MR. SNELL:  But Mr. Merchek was the

5    signer in the beginning.  I don't know definitively,

6    as I sit here, that he was removed, but I know the

7    debtor, by September of 2018, had the debit card in

8    her name for the account and was the only person then

9    with the debit card in her name, and she had been

10   added as a signer and the debtor.

11             And the first withdrawal ever --

12             THE CLERK:  Judge.

13             MR. SNELL:  -- was $20,000.

14             THE CLERK:  I'm sorry.

15             THE COURT:  Yes, Adam.

16             THE CLERK:  Judge, I want to let you

17   know that Mr. Boulton has just signed into the Zoom

18   meeting.

19             THE COURT:  Okay.  Go ahead,

20   Mr. Snell.

21             THE CLERK:  Sorry.

22             MR. SNELL:  And so, Your Honor, the

23   U.S. Trustee does not agree with the premise that the

24   estate has suffered no harm, because the estate has

25   been harmed because we don't know where all this

1  money is coming from.  It seems to be coming from

2  resources that are potentially estate resources, and

3  the fact that the sources haven't been identified in

4  the Rule 2016 disclosures, as required, makes that

5  more difficult to track down.

6            There's the representation that -- and

7  that sort of dovetails with the representation in the

8  response that these were all from, quote, unquote,

9  outside sources, which is stated on page -- the

10 second page of the response.  I don't know how we can

11 possibly know that, because the sources haven't been

12 disclosed.

13           The U.S. Trustee knew that two

14 payments were from account 2762, because we had the

15 records for that account.

16           And then in the accounting that

17 Mr. Peraica provided, it did identify 2762.  But

18 without knowing whose account ends in 2762, we

19 wouldn't know where they came from.

20           And so that holds for some of the

21 other payments on that accounting Mr. Peraica

22 provided.  I have no idea what account they came

23 from.

24           It's possible -- you know, we have

25 many thousands, I think more than 10,000, pages of

1   bank records.  It's possible that it's somewhere in

2   those accounts, but I don't know as I sit here

3   exactly which accounts all the payments came from.

4                   And so the representation -- and it is

5   the debtor's attorney's burden to make these

6   disclosures that are required by the rule.  The

7   representation that they all came from outside

8   sources is not a representation.  It's well-founded

9   from the U.S. Trustee's perspective.

10                  And for all of those reasons, and

11  including, and most, I think, compellingly, the

12  continued failure to comply with Rule 2016, the U.S.

13  Trustee believes that the fees paid -- or the fees

14  received should have to be paid over to the Chapter 7

15  Trustee.

16                  THE COURT:  Okay.  Good morning,

17  Mr. Boulton.  Let me get your appearance for the

18  record, please.

19                  MR. BOULTON:  Stephen Boulton, Your

20  Honor, for the debtor.

21                  THE COURT:  Okay.  Good morning.

22                  Mr. Medearis, I want to hear from you

23  next, and then I'm going to hear from Mr. Boulton.

24                  MR. MEDEARIS:  I mean, I'll make this

25  short.  We pretty much agree with everything the U.S.

Supp. Appx. 041

13

1  Trustee said.

2           We believe there was damage to the

3  estate, because the funds did come from an

4  undisclosed bank account, controlled by the debtor,

5  that's probably dissipated by now that could have

6  been an asset of the estate.  The estate has been

7  ultimately damaged by the lack of disbursements.

8           Thank you, Your Honor.

9           THE COURT:  Okay.  Okay.  Mr. Boulton,

10  before you came on, with respect to the debtor's

11  motion for leave to file a response instanter, I

12  denied that motion for reasons I've stated on the

13  record.

14           But what I did allow, I wanted to hear

15  from the debtor orally.  Really, what Mr. Peraica did

16  is give me a two-page summary of his argument.  And,

17  basically, what I want you to tell me is -- repeat

18  that argument for the record.

19           I think, ultimately -- even though I'm

20  denying the motion, this is your chance to tell me

21  what the legal argument is.

22           Because Mr. Peraica said in his motion

23  that he didn't disagree with the factual statements

24  made by the U.S. Trustee, and he was -- and he gave

25  me a two-page summary of his legal argument.

1          And I much prefer, frankly, to get an

2 oral rendition from you.

3          MR. BOULTON:  Well, Your Honor, our

4 position is -- well, Your Honor, we're prepared --

5 we're prepared to make any disclosure the Court

6 orders as far as remedying the lack of information to

7 the trustee.

8          Your Honor, my understanding is

9 somewhat limited in that I was brought into the

10 Jorgovanka Dordevic at the end of the case.  I was

11 not actively an attorney on the case while these

12 payments were made.

13          I have made inquiry within the office,

14 and I'm told that they have come from Mr. Zaric, who

15 you are familiar with.

16          THE COURT:  Yes.

17          MR. BOULTON:  And he has been the

18 source of finances.  And we keep records, Your Honor,

19 and I'm prepared to disclose to the Trustee exactly

20 where the money came from.

21          It's my understanding, from asking in

22 the office, that it's Nikola Zaric that's paying --

23 that has paid these monies.  It's not from some

24 mysterious account that she's controlling.  We can

25 document that for the Trustee.

 1           And that this -- obviously, this

 2    matter has largely been on hold while the Jorgovanka

 3    case is going on and the focus of attention.  But we

 4    are prepared to do that.

 5           As far as the penalty, Your Honor, we

 6    did disclose $8,000 up front.  And I want to point

 7    out, Your Honor, unlike a lot of cases where there's

 8    total disgorgement, there is -- we've not hidden our

 9    fee arrangement with Ms. Dordevic or anything else

10    like that.  We have not played games as to what we

11    are doing with Ms. Dordevic.  It's a straight-up

12    hourly file that we are attempting to represent her.

13           There's been quite a bit of a work

14    done already, Your Honor.  There have been a number

15    of depositions taken.  I don't think the trustee is

16    denying that.

17           There's been a number of examinations

18    of the debtor and other people in her Chapter 7, not

19    in the Jorgovanka matter.  There's been a

20    considerable amount of work done.

21           So when they say that the estate is

22    harmed, I think that is a somewhat valid, Your Honor

23    -- I'm not saying it's not valid, but I think it is a

24    somewhat esoteric argument.

25           However, we are prepared to remedy the

Case: 22-2501    Document: 18    Filed: 11/17/2022    Pages: 50

1  situation, Your Honor, and make any disclosure the

2  Court may want us to make as far as where this money

3  came from, these thousands of dollars.

4           Now, Your Honor, I have made inquiry

5  within the office.  I'm not a practicing bankruptcy

6  attorney, and I have found that our office apparently

7  did not understand the requirement, not practicing in

8  bankruptcy court often enough.

9           I understand from looking at the case

10  law, Your Honor, that that is no defense to this

11  motion.  Ignorance is no defense.  So I've advised

12  them not to try and assert that, and they're not.

13  They are simply saying that it was not contumacious

14  in what they were attempting to do, Your Honor.

15           I think it is more that I'm not a

16  bankruptcy attorney.  I've passed this information

17  along saying, "This is what we have to do," but,

18  apparently, it hasn't been done.

19           But I say, Your Honor, there's no

20  attempt to try and play games with fees or anything

21  else.  We have law licenses to worry about.

22           And we are prepared to make good on

23  whatever the Court may direct so that the Trustee has

24  the complete information on the source of these

25  funds, of which there's about $13,000 that is

1    unaccounted for, as far as what the trustee knows.

2    But we're prepared to show that to them, anything

3    they want.

4                    THE COURT:  Okay.  Thank you.

5                    Mr. Snell, your response.

6                    MR. SNELL:  Your Honor, the

7    representation that all money came from Nikola Zaric

8    and that there's no mystery about the source of the

9    funds I think is not reconcilable with the fact that

10   we know that at least two payments of $1,000 each

11   came from the Sprint Freight account.  And so I don't

12   know if -- I just don't know how to square those two

13   things.

14                    The excuse that someone isn't a

15   practicing bankruptcy attorney, they haven't complied

16   with Rule 2016, I think might work if someone is --

17   if a motion is filed pointing out to them for the

18   first time their Rule 2016 obligations haven't been

19   complied with.

20                    Here we are.  There's been at least

21   five, I think, separate notices.  There were three

22   notices from the U.S. Trustee over the course of more

23   than a month about the need to file the Rule 2016

24   disclosure statement telling counsel there is an

25   official form you have to file, and no action.  Then

1  a motion, no action.  They filed a response and a

2  motion to file the response, and no action.

3          And then today there's a statement --

4  well, counsel appearing today, who, I guess, is

5  appearing for Mr. Peraica.  That's the other point

6  about -- that I forgot to make about the response.

7          It's saying, well, the debtor didn't

8  have experience to know that the debtor needed to

9  file this.  This is the attorney's obligation.  There

10 is no ambiguity in the rule about who Rule 2016

11 applies to and whose obligation it is.  It's

12 Mr. Peraica's obligation.

13         And so the way the response was

14 written in the third person for the debtor when

15 Mr. Peraica is the one who signed it, although he's

16 not here today, I think -- I think that just is a

17 further illustration of his failure -- his continuing

18 failure to grasp the requirements that he's bound to

19 as an attorney.

20         THE COURT:  Adam, I'd like you to put

21 Susan and Brandon and me in a separate conference

22 room.

23         I want to briefly confer with my

24 clerks.  If you gentlemen can hang on just for a few

25 minutes, it won't be long.

Case: 22-2501     Document: 18     Filed: 11/17/2022     Pages: 50     Supp. Appx. 047

19

 1                    THE CLERK:  The Court is in a brief

 2      recess.

 3                    (Brief recess.)

 4                    THE COURT:  Okay.  Here's what I'm

 5      going to do.  First of all, I am going to grant the

 6      debtor's motion for leave to file instanter the

 7      response to the motion.  I will take that into

 8      account.  I've heard the argument as well, and I

 9      think that will help me reach a decision.

10                    I'm going to take it under advisement.

11      I'll issue a ruling.  I don't even think we need a

12      further status hearing.

13                    If any party has any problems one way

14      or the other with what my ruling is, you can file an

15      appropriate motion.

16                    Well, I guess we do need a date for

17      the U.S. Trustee's motion.  But until that has been

18      issued -- whatever it is.  How about four weeks?

19      We'll come back in four weeks.

20                    What would that date be, Adam?

21                    THE CLERK:  That would be December 7th

22      at 10:00 a.m.

23                    THE COURT:  Okay.  And I'll just take

24      it under advisement, and I'll issue a written ruling,

25      and we'll see where we are.

Case: 22-2501    Document: 18    Filed: 11/17/2022    Pages: 50 Supp. Appx. 048

20

1              MR. SNELL:  Thank you, Your Honor.

2              MR. MEDEARIS:  Thank you, Your Honor.

3              THE COURT:  You're very welcome.

4    Thank you.

5              THE CLERK:  Judge, one question.  I'm

6    sorry.

7              On the debtor's motion for leave to

8    file the response, there was no proposed order that

9    was provided by Mr. Peraica.

10             THE COURT:  We can do that in

11   chambers.  We'll take care of it.

12             THE CLERK:  Okay.  And for

13   clarification for the record, the Trustee's motion

14   for Rule 2004 examination is granted in chambers, the

15   U.S. Trustee's motion to examine fees is taken under

16   advisement and set for further hearing on December

17   7th at 10:00 a.m., and the debtor's motion for leave

18   is granted.

19             THE COURT:  Okay.  Thank you.  Very

20   good.  See you on the 7th.

21                  (Which were all the proceedings had in
                    the above-entitled cause, November 9,
22                  2021, 10:00 a.m.)
     I, PHYLLIS YAEGER, CSR, DO HEREBY
23   CERTIFY THAT THE FOREGOING IS A TRUE
     AND ACCURATE TRANSCRIPT OF PROCEEDINGS
24   HAD IN THE ABOVE-ENTITLED CAUSE. /S/

25